IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUZETTE EVELINE CALHOUN,  )
          Plaintiff,  )
  -vs-  )  Civil Action No. 16-242
   )
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 18 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since February 28, 2011. (ECF No. 5-8, p. 2). Administrative Law Judge ("ALJ"), John Kooser, held a hearing on January 30, 2015. (ECF No. 5-3). On February 27, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 27-37).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Evaluation of Medical Evidence**

Plaintiff argues that the ALJ erred in failing to properly evaluate the medical evidence. (ECF No. 8, pp. 10-13).  Specifically, Plaintiff asserts that the ALJ ignored Plaintiff's most recent urology record and that the ALJ improperly rejected her primary care nurse's opinion.  *Id.*  As a result, Plaintiff suggests remand is warranted.  *Id.*  For the reasons set forth below, I disagree.

In discussing Plaintiff's medical history, Plaintiff submits that the ALJ asserted she received no treatment with her urologist since October 2013, but fails to discuss or even acknowledge Plaintiff's most recent treatment with Dr. Lund, her treating urologist in February 2015.  (ECF No. 8, p. 11).  Upon review of the record, it is evident that while the record in question was dated February 12, 2015, which is 15 days before the date of the decision, it was not part of the record before the ALJ.  (ECF No. 5-2, p. 8; No. 5-17, pp. 48-50).  As a result, this record was submitted for the first time for review to the Appeals Council.  *Id.*

The instant review of the ALJ's decision is not *de novo* and the ALJ's findings of fact are conclusive if supported by substantial evidence.  *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976).  "[E]vidence that was not before the ALJ cannot be used to argue

3

that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991). Thus, my review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, pursuant to Sentence Four of §405(g), when reviewing the ALJ's decision, I cannot look at the post-decision evidence that was not first submitted to the ALJ.

If, however, a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak,* 745 F.2d at 833. In this case, however, Plaintiff has not made any such arguments. (ECF No. 8).

As a result, I cannot consider the post-decision evidence pursuant to Sentence Four of §405(g) and I find that Plaintiff has failed to satisfy any of the requirements for remand under Sentence Six of §405(g). Consequently, remand is not warranted on this basis.

Plaintiff also asserts that the ALJ erred by failing to properly evaluate the opinion of her treating nurse practitioner, Maryann Lukowich, CRNP. (ECF No. 8, pp. 11-13). A nurse practitioner is not "an acceptable medical source" in assessing a claimant's disability but, rather, is considered an "other source." SSR 06-03p. Therefore, a nurse practitioner's opinions cannot establish the existence of a medically determinable impairment. SSR 06-03p; *Chandler v. Comm'er of S.S.,* 677 F.3d 356, 361-362 (3d Cir. 2011); *see, Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, SSR 06-03p; 20 C.F. R. §416.913(a) and §404.1513(a), (e). Social Security Ruling 06-03p provides, however, that an ALJ will consider evidence from such "other sources" in determining whether a disability exists as they may provide insight into the severity of the impairment and the ability of the individual to function. As such, an ALJ should

4

weigh this evidence with the rest of the evidence using the same factors, including: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment; and, any other factor that tends to support or refute the opinion. *Id.*

Applying the above, the ALJ appropriately considered the opinion of the CRNP set forth in a two-page check box form and assigned little weight to her opinion that Plaintiff was limited to lifting 10 pounds and 4 hours of work per day. (ECF No. 5-2, p. 35). The ALJ discounted this opinion because: 1) the opinion was based on Plaintiff's "directive and self-reported limitations; 2) the failure to supply supportive clinical finding; 3) the longitudinal objective evidence of record describes full musculoskeletal strength and no neurological deficits. (ECF No. 5-2, p. 35). Additionally, the ALJ pointed out that Ms. Lukowich, as a CRNP, is not an acceptable medical source. *Id.* Therefore, Ms. Lukowich's opinion is not entitled to any special deference. After a review of the record, I find the reasons stated by the ALJ for assigning little weight to the CRNP's checked box form to be supported by substantial evidence of record. *See, Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."); *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999) (An ALJ can provide more or less weight to the diagnosis depending upon supporting explanations and consistency with other substantial evidence of record). Based on the same, I find no error in this regard on the part of the ALJ.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUZETTE EVELINE CALHOUN, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 16-242
)
)
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 3rd day of October, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 7) is denied and Defendant's Motion for Summary Judgment (ECF No. 9) is granted.

                                      BY THE COURT:

                                      s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.